# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| MARQUIS ROWE, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:15CV539 |
| v. | ) |
| OCTAPHARMA PLASMA, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Marquis Rowe, a *pro se* plaintiff, filed an *in forma pauperis* petition [DE 2] and a complaint pursuant to 42 U.S.C. § 1983 [DE 1]. Rowe sues Octapharma Plasma for the alleged discrimination he suffered when Octapharma refused to let him donate plasma, supposedly because he has a traumatic brain injury.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Although the bulk of Section 1915 pertains to screening prisoner complaints, Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778 (7th Cir. 1999). To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009)(*citing* and *quoting Twombly* and *Iqbal*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 602. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, I must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rowe brings his claim under 42 U.S.C § 1983. To state a claim under Section 1983, Rowe must allege that "the defendants, while acting under color of state law, deprived him of a federal right." *Jackson v. Compton*, 151 F.3d 1032, at *1 (7th Cir. 1998). Rowe sues what appears to be a private, non-state actor. He does not allege that Octapharma is a state actor or is acting under color of state law. In fact, he provides such little detail in his complaint that I can't make out any basis for wrong-doing. Moreover, the relief he seeks – an apology and the ability to be able to donate plasma again – is not the type of relief I can grant.

At bottom, Rowe has failed to state a claim against the named defendant. Thus, for the foregoing reasons, the *in forma pauperis* petition (DE 4) is denied and this case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**.

ENTERED: January 26, 2016

                                                  s/ Philip P. Simon
                                                  PHILIP P. SIMON, CHIEF JUDGE
                                                  UNITED STATES DISTRICT COURT